UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN JANE BLAKELY,<br><br>Plaintiff,<br><br>v.<br><br>ELUTIA, INC. F/K/A AZIYO BIOLOGICS, INC., et al.,<br><br>Defendants. | Case No.: 3:25-cv-02330-CAB-DEB<br><br>**ORDER DENYING REMAND**<br><br>[Doc. No. 8] |

Before the Court is Plaintiff Carolyn Jane Blakely's motion to remand the action to state court. [Doc. No. 8.] The motion has been fully briefed, and the Court finds it suitable for determination on the papers. *See* CivLR 7.1(d)(1). For the reasons set forth below, the motion to remand is **DENIED**.

**I.    BACKGROUND**

This claim arises out of a spinal surgery performed on Plaintiff in La Jolla, California on April 13, 2023. [Doc. No. 1-2 ("Compl.") at ¶ 14.] Plaintiff alleges that during this spinal surgery, Plaintiff was implanted with the ViBone product (the "Recalled Product") and subsequently tested positive for tuberculosis. [*Id.* at ¶ 14.] The Recalled

Product is a human tissue allograft consisting of cryopreserved bone matrix that is aseptically processed to preserve native factors that support bone repair. [*Id.* at ¶ 18.] Plaintiff has named three defendants in connection with making the Recalled Product. Defendant Elutia, Inc. ("Elutia") formerly did business under the name Aziyo Biologics, Inc. ("Aziyo"). [*Id.* at ¶ 3.] Plaintiff alleges that Aziyo developed and supplied the Recalled Product. [*Id.* at ¶¶ 5, 20.] As alleged, Defendant DCI Donor Services, Inc. ("DCI") harvested and/or supplied the human tissue used in the Recalled Product. [*Id.* at ¶ 8.] Defendant Berkeley Biologics, LLC ("Berkeley") purchased Aziyo's (now Elutia's) orthobiologics business in 2023 and became Aziyo's direct successor. [*Id.* at ¶ 9.]

On June 30, 2025, Plaintiff filed a complaint in the Superior Court of the State of California for the County of San Diego asserting claims for: (1) negligence against Elutia and Berkeley; (2) negligence against DCI; (3) strict products liability against Elutia and Berkeley; and (4) breach of implied warranty of merchantability against Elutia and Berkeley. [*See generally* Compl.]

On September 5, 2025, Elutia removed this action to this Court based on diversity jurisdiction. [Doc. No. 1 ("NOR") at ¶ 6.] On October 2, 2025, Plaintiff filed a motion to remand, contesting that the parties do not have diverse citizenship because Berkeley is a citizen of California. [*See* Doc. No 8; Doc. No. 8-1 at 1–2.]

## II.  LEGAL STANDARD

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). Thus, a case brought in state court that originally could have been brought in federal court based on diversity of citizenship is removable. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); 28 U.S.C. § 1441(a). "Removal on the basis of diversity jurisdiction requires that the parties be completely diverse and that the amount in controversy exceed $75,000." *Magnum Prop. Invs., LLC v. Pfeiffer*, No. 18-CV-02855, 2019 WL 459194, at *2 (S.D. Cal. Feb. 6, 2019); 28 U.S.C. § 1332(a)(1). Defendants have the burden of demonstrating all the requirements for

diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it.").

For diversity purposes, a natural person is a "citizen" of the state in which he or she is domiciled. *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is "deemed to be a citizen of every state . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). For diversity purposes, an LLC is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

### III. DISCUSSION

In the NOR, Defendant argues that this Court has subject matter jurisdiction because complete diversity of citizenship exists and the amount in controversy exceeds $75,000. [NOR at ¶¶ 13, 21.] Plaintiff responds that remand is appropriate because both she and Berkeley are citizens of California, which destroys complete diversity in an otherwise non-removable state-based action. [Doc. No. 8-1 at 1–2.]

#### A. Amount in Controversy

To establish federal diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Plaintiff seeks far more than this amount, [Doc. No. 1-3 at 2 (Plaintiff's Statement of Damages; NOR ¶ 25], and does not dispute that the amount in controversy requirement has been satisfied. The Court finds that Elutia has successfully established the amount in controversy requirement required for diversity jurisdiction.

#### B. Diversity of Citizenship

Plaintiff argues that because Plaintiff and Berkeley are both citizens of California, complete diversity is destroyed. [Doc. No. 8-1 at 1–2.] Defendants argue that the Court should find diverse citizenship for two reasons: (1) Berkeley is not a citizen of California, [Doc. No. 14 at 4–6], and (2) even if Berkeley had a member that was a citizen of

California, this citizenship should be disregarded because Plaintiff fraudulently joined Berkeley to defeat diversity jurisdiction. [*Id.* at 10–11.]

### i. Berkeley's Citizenship

Defendants argue that Berkeley is not a California citizen because Berkeley is a wholly owned subsidiary of GNI Group Ltd., which is a Japanese corporation with its principal place of business in Tokyo, Japan. [NOR ¶ 19.] Plaintiff alleges that Berkeley is a Delaware limited liability company with its principal place of business in Richmond, California. [Compl. ¶ 9.] In an attempt to prove Berkeley's California citizenship, Plaintiff attaches Berkeley's Statement of Information retrieved from California's Secretary of State website, which lists two Berkeley "Manager(s) or Member(s)" as each having a California address.[1] [Doc. No. 8-3 at 1.]

As an LLC, Berkeley is a citizen of every state of which its owners/members are citizens. *See Johnson, LP*, 437 F.3d at 899. Defendants assert that Berkeley is "a wholly owned subsidiary of GNI Group, Ltd., which is a Japanese corporation with its principal place of business in Tokyo, Japan." [*E.g.*, Doc. No. 1 at ¶ 9; Doc. No. 14 at ¶ 5]. Plaintiff's Exhibit 2 to her Motion to Remand lists Berkeley's ownership as a wholly owned subsidiary of GNI Group Ltd. [Doc. No. 8-4 at 1.]

A corporation, whether incorporated in a state of the United States or in a foreign country, is "deemed a citizen of its place of incorporation and the location of its principal place of business." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994). Therefore, GNI Group, Ltd. is a citizen of Japan. Because Berkeley as an LLC would take the citizenship of its owner, *Johnson*, 437 F.3d at 899, Berkeley takes the citizenship of its parent corporation, GNI Group, Ltd. Therefore, Berkeley is a citizen of Japan.

---

[1] The Court takes judicial notice of the Statement of Information, as courts routinely take notice of information contained in the California Secretary of State's website. *See, e.g., No Cost Conf., Inc. v. Windstream Commc'ns, Inc.*, 940 F. Supp. 2d 1285, 1295–96 (S.D. Cal. 2013) (taking judicial notice of a printout from the California Secretary of State's website).

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter*, 265 F.3d at 857. Plaintiff fails to sufficiently allege Berkeley's citizenship. While Berkeley's Statement of Information lists two "Manager(s) or Member(s)" with California addresses, it is unclear whether those individuals are managers or members. If they are managers and not members, the Court cannot impute California citizenship to that LLC because an LLC's citizenship is based off of its members and owners.

Furthermore, Plaintiff does not appear to contest Defendants' argument that the individuals listed on the Statement of Information are managers, not members. Instead, Plaintiff argues that "based upon all the information available to her at the time of filing her Complaint and Motion to Remand, it was reasonable for her to believe that Berkeley is a citizen of California because of Berkeley's substantial connection to the state." [Doc. No. 17 at 7.] Plaintiff asks the Court to resolve all ambiguities in her favor at the pleading stage. But it is "hornbook law (quite literally)" that "all challenges to subject-matter jurisdiction [are] premised upon diversity of citizenship against the state of facts *that existed* at the time of filing," *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570, (2004), not on what state of facts was reasonable for a plaintiff to believe.

Although Plaintiff stipulated that Berkeley was a citizen of California, Plaintiff cannot stipulate or admit to a party's citizenship if that citizenship is not accurate. *Cf. Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 n.21 (1978). Plaintiff has failed to plead any meaningful evidence that Berkeley is a California LLC, and Elutia has plead meaningful evidence that Berkeley is a citizen of Japan. [Doc. No. 14-6 at 12.] Further, the Court need not order discovery on the issue on the citizenship of Berkeley's members, as district courts have discretion to permit or deny jurisdictional discovery. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). Ultimately, Defendants have met their burden to establish diversity of citizenship and the Court concludes that remand would be improper.

///

### ii. Fraudulent Joinder

Because the Court found that Berkeley is not a citizen of California, the Court need not address the fraudulent joinder arguments.

## IV. CONCLUSION

Defendants have met their burden to establish diversity of citizenship as required for diversity jurisdiction. The Court has subject matter jurisdiction over this case. The Court **DENIES** Plaintiff's motion to remand this action to the Superior Court of California, County of San Diego. DCI and Berkeley may respond to Plaintiff's complaint by **February 6, 2026**.

It is **SO ORDERED**.

Dated: January 9, 2026

Hon. Cathy Ann Bencivengo
United States District Judge